UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LASHONYA TAYLOR | ) |
| Plaintiff, | ) Case: 1:22-cv-04207 |
| v. | ) |
| SKYTECH ENTERPRISES LTD., | ) |
| Defendant. | ) Jury Trial Demanded |

## COMPLAINT

Plaintiff, Lashonya Taylor ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Skytech Enterprises Ltd. ("Defendant"), and in support states as follows:

## NATURE OF ACTION

1. This action arises out of Plaintiff's employment relationship with Defendants, including her wrongful termination in violation of the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq*. ("FMLA").

## PARTIES

2. At all times material to the allegations of this Complaint, Plaintiff, Lashonya Taylor, resides in Cook County in the State of Illinois.

3. At all times material to this Complaint, Plaintiff was an "eligible employee" as defined by the FMLA, 29 U.S.C. § 2611(2)(A).

4. At all times material, Defendant was an "employer" as defined by 29 U.S.C. § 2611(4).

1

5. At all times material to the allegations in this Complaint, Defendant, Skytech Enterprises Ltd., is a corporation doing business in and for Cook County whose address is 910 West Van Buran Street, Suite 500, Chicago, IL 60607.

## JURISDICTION AND VENUE

6. Plaintiff brings this action pursuant to the FMLA, 29 U.S.C. § 2601 *et seq.*

7. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, 28 U.S.C. §§ 1343(3) and (4) and 28 U.S.C. § 2617.

8. Venue is proper under 28 U.S.C. § 1391(b) because the acts complained of by Plaintiff occurred within this judicial district and because Defendant's has systematic and continuous contacts within the district and because the employment records of Plaintiff are stored or have been administered, in Cook County.

## PROCEDURAL REQUIREMENTS

9. Plaintiff has complied with all conditions precedent in filing this action. Any other applicable conditions precedent to bringing this action have occurred, been performed or been excused before the filing of this lawsuit.

## BACKGROUND FACTS

1. Plaintiff was hired by Defendant in or around 2005 as a security officer.

2. On or around March 8, 2022, Plaintiff suffered from a medical emergency and required immediate hospitalization.

3. Plaintiff contacted the Defendant and reported the medical emergency to a front desk employee.

4. On or around March 9, 2022, Plaintiff was released from the hospital; however, it was recommended that she seek further approval from her primary care physician to return to

work.

5. Plaintiff's primary physician recommend that because of the medical condition there is a need for a reasonable accommodation of a few days off.

6. In an effort to obtain FMLA leave, Plaintiff provided all of her doctor's visit summaries and the relevant information pertaining to Plaintiff's expected date to return to work.

7. Plaintiff kept the Employer up to date on her medical status.

8. On or around March 20, 2022, Plaintiff contacted the Employer's Human Resources Director, Mr. Ron Wilkinson, regarding being able to apply for FMLA. The Director responded by saying, "I'm not giving you no FMLA papers, you'll be at work next week."

9. Plaintiff advised that they are still under doctor's care and unable to return to work at that time.

10. Defendant refused to provide Plaintiff the required FMLA paperwork.

11. On or around April, 2022, Plaintiff, again, contacted the Director to confirm that he had received the medical documents in regards to the FMLA leave.

12. Defendant's Director advised Plaintiff that he didn't have Plaintiff's name on any of the paperwork that had been submitted.

13. Defendant's response was intended to interfere with Plaintiff's request for FMLA.

14. Defendant failed to provide Plaintiff with information pertaining to FMLA leave and required documentation.

15. Defendant retaliated against Plaintiff for engaging in the FMLA process.

16. Plaintiff was denied FMLA leave and benefits.

## COUNT I
**Violation of the Family Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq*. ("FMLA")**
**(FMLA Interference)**

10. Plaintiff repeats and re-alleges paragraphs 1-16 as if fully stated herein.

11. Plaintiff was eligible for FMLA leave.

12. At all times material, Plaintiff gave proper notice to her employer by informing them of her serious medical condition, and her need for FMLA leave.

13. Defendant controlled Plaintiff's work schedule and conditions of employment.

14. Defendant interfered with Plaintiff's ability to exercise her FMLA rights.

15. Despite their knowledge of Plaintiff's need for federally protected leave, Defendant failed to engage with Plaintiff to provide her the required FMLA documentation and interfered with her ability to take protected leave to which Plaintiff was entitled.

16. Defendant prevented Plaintiff from exercising her FMLA rights, which constituted unlawful interference pursuant to the FMLA.

17. As a result of Defendant's unlawful actions, Plaintiff has suffered and continues to suffer damages.

## COUNT II
**Violation of Section 105 of Family Medical Leave Act, 29 CFR § 825.220**
**(Retaliation)**

18. Plaintiff repeats and re-alleges paragraphs 1-16 as if fully stated herein.

19. Defendant retaliated against Plaintiff following her notification about her request for medical leave, which constitutes a request for taking FMLA leave.

20. Defendant retaliated against Plaintiff by failing to provide her the required FMLA information and documentation to Plaintiff and because she requested and/or took FMLA leave as

described above. Specifically, Plaintiff requested FMLA leave when she explained she had a serious medical condition that was severe or life threatening.

21. Defendant has intentionally engaged in unlawful employment practice in violation of the FMLA, by retaliating against Plaintiff for having requested to take leave for medical reasons.

22. As a direct and proximate result of the intentional violations by Defendant, Plaintiff has suffered and continues to suffer damages.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Honorable Court find in Plaintiff's favor and against Defendant as follows:

    a. Enter judgment in Plaintiff's favor and against Defendant for interfering with Plaintiff's rights under the FMLA;

    b. Enter judgment in Plaintiff's favor and against Defendant for FMLA retaliation;

    c. Award Plaintiff actual damages suffered, including back pay, front pay, loss of benefits, future pecuniary loss, and lost future earnings capacity;

    d. Award Plaintiff liquidated damages;

    e. Award Plaintiff prejudgment interest on his damages award;

    f. Award Plaintiff reasonable costs and attorney's fees;

    g. Award Plaintiff any further relief pursuant to the FMLA; and

    h. Grant Plaintiff such other and further relief as this court deems equitable and just.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 10th day of August, 2022.

                                                   /s/ *Nathan C. Volheim*
                                                   **NATHAN C. VOLHEIM, ESQ.**
                                                   IL Bar No.: 6302103
                                                   **CHAD W. EISENBACK, ESQ.**
                                                   IL Bar No.: 6340657
                                                   **SULAIMAN LAW GROUP LTD.**
                                                   2500 S. Highland Avenue, Suite 200
                                                   Lombard, Illinois 60148
                                                   Phone (630) 568-3056
                                                   Fax (630) 575 - 8188
                                                   nvolheim@sulaimanlaw.com
                                                   ceisenback@sulaimanlaw.com
                                                   *Attorneys for Plaintiff*