IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **LASHONA TAYLOR**, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No: 1:22-cv-04207 |
| v. ) | |
| ) | Judge Rebecca R. Pallmeyer |
| **SKYTECH ENTERPRISES LTD**., ) | |
| ) | Magistrate Judge Jeffrey I. Cummings |
| ) | |
| ) | |
| ) | |
| Defendant. ) | |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT WITH PREJUDICE**

Defendant SkyTech Enterprises ("SkyTech"), by and through its attorneys, Adams and Reese LLP, respectfully submits this Memorandum of Law in Support of its Motion to Dismiss Plaintiff Lashona Taylor's ("Plaintiff") First Amended Complaint.

**I.    INTRODUCTION**

This Lawsuit arises out of Plaintiff's urgent medical emergency and subsequent need for medical leave in March 2022. Count I of Plaintiff's complaint alleges that Defendant interfered with her rights under the Family and Medical Leave Act of 1993, 29 U.S.C § 2601 *et seq*; 29 CFR § 825.220. ("FMLA"). Count II of Plaintiff's complaint alleges that SkyTech retaliated against her for exercising her rights under the FMLA. The complaint fails to plausibly plead facts necessary to establish essential elements of both claims. Therefore, dismissal of both counts I and II is proper under Rule 12(b)(6).

1

**II.    BACKGROUND[1]**

Plaintiff was employed as a security officer for Skytech at the time of the events alleged in the Complaint. Pl.'s First Am. Compl., 1-2. On March 8, 2022, Plaintiff suffered a stroke and required immediate hospitalization. *Id.* at 2. She was released from the hospital the following day, and Plaintiff's primary physician recommended that her medical condition required her to take continued leave due to the seriousness of her medical condition. *Id.* at 2-3. Plaintiff communicated information to SkyTech regarding her medical status initially on an ongoing basis. *Id.* at 3. On March 20, 2022 Plaintiff alleges that she contacted SkyTech's Human Resources Director, Ron Wilkinson, regarding being able to apply for FMLA, to which Mr. Wilkinson responded by saying "I'm not giving you no FMLA papers, you'll be at work next week." *Id.* at 3. Plaintiff did not return to work and remained on medical leave following this alleged interaction. *Id.*

In April of 2022, Plaintiff contacted SkyTech to confirm that they had received her medical documents. Id. at ¶ 11. The director of SkyTech advised Plaintiff that her name was not on any of the paperwork that had been submitted. *Id.* at 4. Plaintiff alleges that she provided the completed paperwork to Defendant's HR department. *Id.*

Subsequently, Plaintiff states that in a follow up call with a female employee of SkyTech's HR department the employee again requested the same paperwork. *Id.* Plaintiff alleges that this employee informed Plaintiff that she "could be terminated" if she did not provide the requested documentation. *Id.* Sometime thereafter, Plaintiff alleges that "an employee of Defendant" informed her that she may be "fired for job abandonment." *Id.* at 5. Plaintiff does not allege that she returned to work, or was required to return to work during this time. *See Id.* at 3-5. Plaintiff

---

[1] This section solely references the facts alleged in Plaintiff's First Amended Complaint. Though, for the purposes of this motion, all well-pleaded facts are assumed to be true, SkyTech maintains that it strongly disputes Plaintiff's characterization of the events that make up the basis of the present action.

does not allege that she was terminated. *See Id.* However, Plaintiff alleges that she was "constructively terminated" as it was "impossible" for her to return to work as she faced "constant threats of termination" while she was on FMLA leave. *Id.* at 5. On August 10, 2022, five months after initially going on leave, Plaintiff filed her original complaint in this Court.

### III. ARGUMENT

#### A. Rule 12(b)(6) Standard

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege enough facts to state a claim for relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard asks for "more than a sheer possibility that a defendant acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint is construed in the light most favorable to the plaintiff, with all well-pleaded facts accepted as true and all reasonable inferences drawn in the plaintiff's favor. *Taha v. International Brotherhood of Teamsters, Local 781*, 947 F. 3d 464, 469 (7th Cir. 2020). However, the foregoing tenet is inapplicable to legal conclusions. *Iqbal*, 556 U.S. at 678. Thread-bare recitals of the elements of a cause of action, supported by mere conclusory allegations, do not suffice. *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Where a complaint contains only conclusory allegations that a defendant acted unlawfully, it fails to state a claim upon which relief can be granted. *McReynolds v. Merril Lynch & Co., Inc.*, 694 F. 3d 873, 887 (7th Cir. 2012); *see also Swanson v. Citibank, N.A.*, 614F.3d 400, 404 (7th Cir. 2010) (Stating that "the plaintiff must give enough details about the subject matter of the case to present a story that holds together.").

#### B. Counts I and II of Plaintiff's Complaint Fail to Allege Plausible FMLA Claims

The FMLA permits an eligible employee to take up to 12 workweeks of leave during a 12-month period "because of a serious health condition that makes the employee unable to perform

the functions of the position of such employee." 29 U.S.C. § 2612(a)(1)(D). A serious health condition is defined by the FMLA as "an illness, injury, impairment, or physical or mental condition that involves inpatient care in a hospital…or continuing treatment by a health care provider. 29 U.S.C. § 2611.

An employer may not "interfere with, restrain, or deny the exercise of or the attempt to exercise" any FMLA rights. 29 U.S.C. § 2615(a)(1). Additionally, an employer may not retaliate against an employee for exercising FMLA rights. *See* U.S.C. § 2615(a)(2) ("It shall be unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter"; *see also Kauffman v. Fed. Express Corp.*, 426 F.3d 880, 884 (7th Cir. 2005) (interpreting sections 2615(a) and (b) create a cause of action for retaliation). An interference claim requires proof that the employer denied the employee FMLA rights to which she was entitled; a retaliation claim requires proof of discriminatory or retaliatory intent. *Raysby v. Advocate Condell Medical Center*, 2022 WL 1670719 at *5 (N.D. IL. 2022) *citing Goelzer v. Sheboygan County, Wis.*, 604 F.3d 987, 995 (7th Cir. 2010); *Kauffman*, 426 F.3d at 884-85.

> **1. The Court Should Dismiss Plaintiff's Claim for Interference Under The FMLA Because Defendants Did Not Deny Plaintiff Any FMLA Benefits to Which She Was Entitled, Nor was Plaintiff Prejudiced By Any Action of Defendant**

To establish an FMLA interference violation, a Plaintiff must show that 1) they are eligible for FMLA protections; 2) their employer is covered by the FMLA; 3) they are entitled to leave under the FMLA; 4) they provided sufficient notice of their intent to take leave; and 5) that their employer interfered with, restrained or denied FMLA benefits to which she was entitled. *Ziccarelli v. Dart*, 35 F.4th 1079, 1089 (7th Cir. 2022). Because Plaintiff's complaint does not, and cannot,

sufficiently allege that Skytech restrained, denied, or interfered with Plaintiff's FMLA benefits, Count I of the complaint should be dismissed.

When the need for medical leave is unforeseeable, the employee's primary duty in notifying their employer is to provide enough information to show the employer that they likely have an FMLA-qualifying condition. 29 C.F.R. § 825.303(b); *Pagel v. TIN, Inc.*, 695 F.3d 622, 628 (7th Cir. 2012). Once an employer acquires knowledge that an employee's leave may be for an FMLA qualifying reason (such as a serious health condition), the employer must notify the employee of whether the leave will be designated and counted as FMLA leave within five business days. 29 C.F.R § 300(d). However, an employer may retroactively designate leave as FMLA leave with appropriate notice to the employee provided that the employer's failure to timely designate leave does not cause harm or cause injury to the employee. 29 C.F.R. § 825.301(a). The applicable federal regulations state "for example, if an employer that was put on notice that an employee needed FMLA leave failed to designate the leave properly, but the employee's own serious health condition prevented him or her from returning to work during that time period regardless of designation, an employee may not be able to show that the employee suffered harm as a result of the employer's actions." 29 C.F.R. § 825.301(e).

Actual denial of FMLA benefits is not required for an employer to violate 29 U.S.C. § 2615. *Ziccarelli*, 35 F.4th at 1087-88; *citing Preddie v. Bartholomew Consolidated School Corp.*, 799 F.3d 8-6, 818 (7th Cir. 2015). "Discouraging an employee from using" FMLA leave can constitute interference with an employee's rights. *Id.* In *Zicarelli*, the Seventh Circuit concluded that an employer's alleged threat to discipline an employee for seeking to use FMLA leave "clearly" qualified as interference with FMLA rights. *Id.* at 1090. The plaintiff-employee testified that a representative of the employer responded to the employee's request for FMLA leave by

5

telling the employee "don't take any more FMLA. If you do so, you will be disciplined." *Id.* at 1089. The employer's version of the interaction directly contradicted the employee's testimony. *Id.* at 1082. The Seventh Circuit reasoned that the conflicting testimony presented an issue of fact sufficient for the employee's interference claim to survive summary judgment, noting that a reasonable jury could conclude that the alleged threat affected the employee's decisions about FMLA leave. *Id.* at 1090. The Seventh circuit concluded by stating that "evidence of a link between [the employer's] alleged discouragement and [the employee's] decision not to take his remaining FMLA leave" was "sufficient to require a trial." *Id.*

A potential violation of the FMLA, on its own, is not enough to establish an interference claim, a plaintiff must also show that they were prejudiced by the violation. *Zicarelli*, 35 F. 4th at 1088-89; *Lutes v. United Trailers, Inc.*, 950 F.3d 359, 368 (7th Cir. 2020) *citing Ragsdale v. Wolverine World Wide, Inc.*, 535 U.S. 81, 89, 122 S. Ct. 1155, 152 L.Ed.2d 167 (2002); *Ridings v. Riverside Med. Ctr.*, 537 F.3d 755, 764 (7th Cir. 2008). A plaintiff may prove prejudice by showing that "had the plaintiff received the required (but omitted) information regarding his FMLA rights, he would have structured his leave differently." *Lutes*, 950 F. 3d at 368; *quoting Vannoy v. Fed Res. Bank of Richmond*, 827 F.3d 296, 302 (4th Cir. 2016).[2]

To best assess the validity of Plaintiff's complaint, we must first establish when Plaintiff provided sufficient notice of her need to take medical leave. Plaintiff alleges that they were hospitalized on March 8, 2022, and shortly thereafter reported the medical emergency to a front desk employee at Skytech. Pl. First Am. Compl at 2-3. The next day, March 9, 2022, Plaintiff was released from the hospital, but Plaintiff's primary physician recommended that Plaintiff take

---

[2] *See also Fraternal Order of Police, Lodge 1 v. City of Camden* 842 F.3d 231 (3rd Cir. 2016) (Affirming summary judgement against a Police Officer who was not denied leave and was actually able to take the leave he requested.); *Olson v. United States by and through Department of Energy*, 980 F.3d 1334, 1338 (9th Cir. 2020) ("The failure to provide notice alone does not result in a standalone cause of action").

medical leave due to the seriousness of her condition. *Id.* at 3. By notifying Skytech of her medical emergency and hospitalization, plaintiff sufficiently alleges that she gave Skytech notice of her need for both initial and ongoing medical leave on or around March 8-9, 2022. *Pagel v. TIN, Inc.*, 695 F.3d 622, 628 (7th Cir. 2012). Plaintiff's emergency required her to take leave immediately, and she did not return to work after this date. *See generally* Pl.'s First Am. Compl. Thus, Plaintiff's medical leave began on the same day she gave notice of her hospitalization, March 8, 2022.

Plaintiff's complaint does not factually allege SkyTech interfered with her FMLA benefits because it does not allege that SkyTech discouraged or otherwise affected her decision to exercise her FMLA rights. *Ziccarelli*, 35 F. 4th at 1088. Plaintiff alleges that Mr. Wilkinson, a representative of SkyTech, told her "I'm not giving her no FMLA papers, you'll be at work next week," in response to her request to apply for FMLA. Pl. First Am. Compl. at 3. Further, plaintiff alleges that two "employees" of SkyTech said that she "could" and "would" be terminated if Plaintiff did not provide the requested medical documentation. *Id.* at 3-4. Even if these allegations are assumed to be true, and it is reasonably inferred that plaintiff intended this statements to be the factual basis for her interference claim, the statements do not amount to a violation of the FMLA. This is illustrated by several key differences between Plaintiff's allegations in the present case, and those of the employee in *Zicarelli*. Unlike the employee in *Zicarelli*, Plaintiff does not allege that Wilkinson or SkyTech threatened Plaintiff with any potential discipline in response to her request for FMLA leave. *Ziccarelli*, 35 F.4th at 1090.

Additionally, Plaintiff does not allege that the statements by Mr. Wilkinson or the other two employees in any way affected Plaintiff's decision as to how and if she utilized her FMLA rights and benefits, unlike the employee in *Zicarelli*. *See generally* Pl. First. Am. Compl.; *Zicarelli*, 35 F. 4th at 1090. In fact, Plaintiff alleges the opposite, stating that she responded to the statement

7

by advising Wilkinson and SkyTech that she was still unable to return to work at that time, and indeed maintained throughout the relevant period that she was "utilizing her FMLA leave." Pl. First. Am. Compl. at 5. Thus, the statements of Mr. Wilkinson and the other two employees are readily distinguishable from the threats in *Zicarelli*, and do not amount to a violation of the FMLA.

Even if the actions of SkyTech, as alleged by the Plaintiff, constitute a violation of the FMLA, the pleading nevertheless fails to state a plausible interference claim because Plaintiff does not, and cannot, allege that she actually suffered any harm or was prejudiced by the actions of SkyTech. The present case exactly mirrors the example provided in 29 C.F.R. § 825.301(e). Based on plaintiff's allegations, SkyTech received sufficient notice of her need for medical leave on March 8-9, 2022. Plaintiff alleges that on March 20, roughly two weeks later, Plaintiff advised Mr. Ron Wilkinson that they were still under doctor's care an unable to return to work. Pl. Compl. "Background Facts" ¶ 9. It was not until April of 2022 that plaintiff again contacted Skytech to confirm receipt of the medical documents in relation to FMLA leave. Pl.'s Compl. "Background Facts" ¶ 11. Plaintiff does not allege that she returned to work at any point during this at least four-week long period. *See generally, Id.* In fact, based on her allegations, Plaintiff's health condition rendered her unable to work during this time period. *Id.*

Additionally, Plaintiff does not, and cannot, allege that she would have structured her leave differently because the medical emergency creating the need for leave was unforeseeable and further required her to be on leave at all times relevant to her allegations. *Id.* Thus, Plaintiff does not sufficiently allege that she was harmed by the actions or inactions of SkyTech. Her sweeping conclusory statements that SkyTech "denied her FMLA leave and benefits," and "intended to interfere" with her FMLA rights are "naked assertions devoid of further factual enhancement." Pl. First Am. Compl. at 5; *Iqbal*, 556 U.S. at 678. Therefore, Plaintiff's complaint does not sufficiently

8

allege a claim for relief against SkyTech that is plausible on its face, and her FMLA interference claim should be dismissed.

> **2. Plaintiff's First Amended Complaint Fails to Sufficiently Allege a Plausible Claim of FMLA Retaliation as Plaintiff does not allege that SkyTech Took Any Materially Adverse Employment Action Against Her Or That She Was Constructively Discharged.**

To establish an FMLA retaliation claim, Plaintiff must show that (1) she engaged in a protected activity; (2) Defendants took an adverse employment action against her; and (3) there is a causal connection between Plaintiff's protected activity and Defendants' adverse employment action. *Pagel v. TIN, Inc.*, 695 F.3d 622, 631 (7th Cir. 2012) (citing *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 633 (7th Cir. 2010). For the purposes of this motion, it is assumed that Plaintiff engaged in a protected activity by going on medical leave. Nevertheless, Plaintiff's complaint fails to establish a claim for FMLA retaliation because Plaintiff fails to allege that SkyTech took any materially adverse action against her, and Count II should thus be dismissed.

To sufficiently plead a claim of FMLA retaliation, the plaintiff must present evidence that a materially adverse action was taken by their employer. *James v. Hyatt Regency Chicago*, 707 F.3d 775, 782 (7th Cir. 2013). Materially adverse actions are not limited to employment-related activities but include any actions that would cause a reasonable employee to forego exercising her rights under the FMLA. *Cole v. Illinois*, 562 F.3d 812, 816 (7th Cir. 2009).[3] For example, a materially adverse action "might be indicated by a termination of employment, a demotion by a decrease in wage or salary…a material loss of benefits…or other indices that might be unique to a particular situation." *James*, 707 F.3d at 782; *quoting Crady v. Liberty Nat'l*

---

[3] *See also Freelain v. Village of Oak Park*, 888 F.3d 895 (7th Cir. 2018) (holding that an employer's misclassification of employee's leave time did not constitute a materially adverse action); *Langenbach v. Walmart Stores*, 761 F.3d 792 (7th Cir. 2014) (holding that an employer's actions in giving employee a negative performance review and putting her on performance improvement plan were not materially adverse).

*Bank and Trust Co.*, 993 F.2d 132, 136 (7th Cir. 1993). For an employer's action to be "materially adverse" it must be more disruptive than a mere inconvenience or alteration of job responsibilities. *Id.*[4]

Additionally, statements by a "nondecisionmaker" ordinarily do not satisfy a plaintiff's burden of proof of a claim for retaliation. *David v. Caterpillar, Inc.*, 324 F.3d 851, 861 (7th Cir. 2007). A retaliatory motive of a nondecisionmaker employee can be imputed to the employer where that employee "influenced the employment decision by concealing relevant information from, or feeding false information to, the ultimate decisionmaker." *Id; see also Long v. Teachers' Retirement System of Illinois*, 585 F. 3d 344, 350-52 (7th Cir. 2009) (holding that the "retaliatory animus" of a supervisor could not be imputed to the decisionmaker's termination of an employee where that supervisor did not exercise any influence or control over the information the decisionmaker considered in deciding to terminate the employee.)

Constructive discharge is another form of FMLA retaliation, which takes place when working conditions become "objectively unbearable" from the viewpoint of a reasonable employee. *Zicarreli v. Dart*, 35 F.4th 1079, 1091 (7th Cir. 2022). This is an objective inquiry which requires a "higher showing" than a "hostile work environment claim under Title VII." *Leonard v. Uhlich Children's Advantage Network*, 481 F. Supp. 2d 931, 940 (N.D. IL. 2007); *citing Penn. State Police v. Suders*, 542 U.S. 129, 141 (2004). Unless working conditions are "beyond ordinary discrimination" an employee is expected to remain on the job while seeking redress. *Leonard*, 481 F. Supp.2d at 940; *quoting Perry v. Harris Chernin, Inc.*, 126 F.3d 1010, 1015 (7th Cir. 1997).

---

[4] Adverse employment actions cause the plaintiff to suffer some economic harm, unfulfilled threats which result in no material harm are not materially adverse. *Nagle v. Village of Calumet Park*, 554 F.3d 1106, 1121 (7th Cir. 2009); *quoting Ajayi v. Aramark Bus. Servs.*, 336 F.3d 520, 531 (7th Cir. 2003).

The Seventh Circuit recognizes two different forms of constructive discharge, where an employee resigns due to alleged discriminatory harassment, and when an employer acts in a manner so as to have "communicated to a reasonable employee that she will be terminated." *Chapin v. Fort-Rohr Motors, Inc.*, 621 F.3d 673, 679 (7th Cir. 2010). Merely being "required to submit standard paperwork and having that paperwork reviewed" to ensure proper administration of an FMLA request "does not even come close to constituting a hostile work environment." *Tarpley v. City Colleges of Chicago*, 752 F. App'x. 336, 348 (7th Cir. 2018).

In the present case, Plaintiff alleges that SkyTech retaliated against her by "failing to provide her the required FMLA information and documentation" because she requested and took FMLA leave. Pl.'s First Am. Compl. at 6. Plaintiff does not allege, however, that she suffered any actual loss of benefits as a result of SkyTech alleged failure to provide documents and information. *Id.* Plaintiff does not, and cannot, allege that SkyTech terminated, demoted, or in any way deprived her of any salary, wage or benefit to which she was entitled. *Id.* Plaintiff does not allege that she was on leave without pay and would have otherwise been entitled to full benefits. *Id.*; *See also* 29 C.F.R. § 825.220(c) (providing an example of what benefits are required to be provided to an employee on FMLA leave). In fact, Plaintiff admits that she "took FMLA leave." Pl.'s First Am. Compl. at 6. If anything, SkyTech delay in providing the FMLA documents amounted to no more than a "mere inconvenience" as Plaintiff does not allege it affected her ability to take the FMLA leave to which she was entitled. *Tarpley*, 752 F. App'x. at 348. Thus, Plaintiff's FMLA retaliation claim should be dismissed because Plaintiff fails to sufficiently allege that SkyTech took any materially adverse employment action against her.

Moreover, SkyTech did not engage in "discriminatory harassment" by failing to timely provide Plaintiff the FMLA documentation and information. A simple delay in handling an

FMLA request, particularly while the employee is already on medical leave, does not constitute an action that would communicate to a reasonable employee "that they will immediately and unavoidably be terminated." *See Zicarelli*, 35 F.4th at 1091.

Plaintiff does not sufficiently plead a claim of FMLA retaliation under the theory of constructive discharge either. This is evidenced by three portions of Plaintiff's amended complaint which could conceivably form the basis of a claim for constructive discharge. *See* Pl.'s First. Am. Compl. at 3-5. First, Mr. Wilkinson allegedly telling Plaintiff "I'm not giving you no FMLA papers, you'll be at work next week," without more, would not indicate "objectively unbearable work conditions" to a reasonable employee. *See Tarpley*, 752 F. App'x. at 349 ("merely thoughtless or rude conduct does not rise to the level of creating a hostile work environment that would compel resignation.").

Second the two alleged statements by employees of SkyTech Plaintiff telling Plaintiff that she "could" and "would" be terminated, also fail to rise to the level of constructive discharge. *See* Pl. First Am. Compl. at 6-7. Plaintiff does not allege that the two employees, or Mr. Wilkinson, were "decisionmakers" who actually possessed the capacity to terminate or modify Plaintiff's employment. *See David v. Caterpillar, Inc.*, 324 F.3d 851, 861 (7th Cir. 2007). Furthermore, Plaintiff does not allege that any of the three exercised any undue influence over the employer's ultimate decision as to Plaintiff's employment with the company. *Id.* Plaintiff cannot allege this, because no employment decision was made by SkyTech. *See generally* Pl. First Am. Compl.

Third, Plaintiff's allegation that she was under "constant threats of termination" which made it "impossible" to return to work, may be disregarded as it is exactly the kind of sweeping, conclusory allegation proscribed by the 12(b)(6) standard. *See McReynolds v. Merril Lynch &*

12

*Co., Inc.*, 694 F. 3d 873, 887 (7th Cir. 2012). Indeed, Plaintiff specifically alleges only the three statements discussed above before later stating that she faced "constant threats" of termination. Pl. First. Am. Compl. at 3-5. Additionally, the paragraph alleges that plaintiff was "constructively discharged" as the alleged threats made it "impossible" to return to work. *Id.* This is a generalized statement which implies a legal conclusion, that plaintiff was constructively discharged, and is the "sort of conclusory allegations that are insufficient under *Iqbal.*" *McReynolds*, 694 F.3d at 887.

Disregarding that sweeping allegation, Plaintiff alleges only two incidences over the course of several months where *employees*, not decisionmakers, of SkyTech referenced the possibility that she could be terminated. Pl. First Am. Compl. at 4-5. This does not present the kind of "objectively intolerable" circumstances that is warranted by a claim of constructive discharge theory. *Zicarreli v. Dart*, 35 F.4th 1079, 1091 (7th Cir. 2022). Accordingly, Plaintiff fails to sufficiently plead a claim of FMLA retaliation under the high standard of the constructive discharge theory. *Leonard v. Uhlich Children's Advantage Network*, 481 F. Supp. 2d 931, 940 (N.D. IL. 2007).

Plaintiff fails to allege any plausible claim of FMLA retaliation. Plaintiff fails to allege that SkyTech took any materially adverse employment action against her, as she does not allege she was terminated, demoted, reassigned or otherwise denied any benefits of her employment to which she was entitled. Additionally, plaintiff fails to allege "objectively intolerable" work conditions that would rise to the level of constructive discharge. Thus, Count II of Plaintiff's complaint should be dismissed with prejudice.

13

## IV. CONCLUSION

For the foregoing reasons, Defendant, SkyTech Enterprises, requests that the Court dismiss all Counts asserted against it in Plaintiff's First Amended Complaint with prejudice, and for such other and further relief as the Court deems appropriate and just.

DATED: January 17, 2023,

Respectfully submitted:

**ADAMS AND REESE LLP**

*/s/Michael MacHarg*
**MICHAEL MACHARG (#6274043)**
701 Poydras St., Suite 4500
New Orleans, Louisiana 70139
Telephone: (504) 585-0310
Email: Michael.Macharg@arlaw.com
*Counsel for Named Defendant,*
*SkyTech Enterprises, Ltd.*